IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| NS JPF LENDER, LLC,<br>    Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 1:23-cv-121 |
| JAMES AND VIVIAN MARBLE,<br>    Defendant. | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL AND MOTION TO TRANSFER VENUE

Defendant Vivian Marble files this Notice of Removal pursuant to 28 U.S.C. §§ 1331. Vivian Marble hereby removes the State Court Action to this Court because the claims present a federal question.[1]

### I.     INTRODUCTION

1.     On March 22, 2023, Plaintiff NS JPF Lender, LLC filed Plaintiff's Original Petition (the "***Complaint***") in the 97th Judicial District Court of Clay County, Texas, Cause No. 2023-0038C-CV-2022, styled *NS JPF Lender, LLC v. James and Vivian Marble*, pending ("the ***State Court Action***").

2.     NS JPF Lender, LLC filed the Complaint in response to a pre-suit demand letter sent by counsel for James and Vivian Marble in Oklahoma.  NS JPF Lender, LLC asserts claims for quiet title and trespass to try title.

3.     Vivian Marble has not been served.  Therefore, this Notice of Removal is timely because it is filed no more than thirty days after service in accordance with 28 U.S.C. § 1441 and 1446.

---

[1] *See* James and Vivian Marble's First Amended Complaint, Cause No. CIV-23-227-JD, U.S. District Court for the Western District of Oklahoma, attached as a part of the State Court File, Exhibit A.

4. Defendant James Marble, via the below signature of his counsel, consents to removal of this State Court Action to federal court as required by 28 U.S.C. § 1446(b)(2)(C).

## II.   BASIS FOR REMOVAL:  FEDERAL QUESTION

### A.   Original Jurisdiction

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 because the controversy between NS JPF Lender, LLC and James and Vivian Marble presents a federal question. A defendant may remove a case to federal court if the plaintiff could have originally filed suit in federal court.[2] Pursuant to 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.[3] Here, the United States *ex rel.* Bureau of Land Management ("**BLM**") has an ownership interest the real property in dispute. In fact, another case involving this exact dispute is already pending with the United States District Court for the Western District of Oklahoma (the "***Oklahoma Suit***").[4] The BLM is a named party in that case along with the State of Oklahoma *ex rel.* Commissioners of the Land Office ("**CLO**").

6. This action arises under and presents a question of federal law. Specifically, the controversy presents federal questions regarding the real property in which BLM claims an ownership interest. The BLM is an agency within the United States Department of the Interior, headquartered in Washington D.C. James and Vivian Marble have claims against the BLM under

---

[2] 28 U.S.C. § 1441(a).
[3] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").
[4] *See* James and Vivian Marble's First Amended Complaint, Cause No. 5:23-cv-00227-JD, U.S. District Court for the Western District of Oklahoma, attached as a part of the State Court File, Exhibit A.

federal law, under which sovereign immunity has been waived.[5] These claims are specifically pled in the First Amended Complaint in the Oklahoma Suit.[6] The claims include quiet title pursuant to 28 U.S.C. § 2409a and declaratory judgment to determine property boundaries.[7] Additionally, there is a substantial, disputed federal-law issue necessarily embedded in James and Vivian Marble's state-law claims, namely, that NS JPF Lender, LLC used its unlawful assertion of ownership of the BLM land to assert ownership over the land of James and Vivian Marble.

7. The below graphic shows the interests of the various parties in the real property at issue. The property shaded in red is owned by the United States *ex rel.* Bureau of Land Management ("**BLM**"). The property outlined in green is known as "Parker Farms" and is owned by NS JPF Lender, LLC. The eastern edge of Parker Farms is bordered by the State of Oklahoma. NS JPF Lender, LLC also claims to own the property outlined in pink, which lies in Oklahoma. The property outlined in red is the property owned by James and Vivian Marble at the heart of the dispute which lies entirely in Oklahoma. The Oklahoma Commissioners of the Land Office ("**CLO**") owns all of the mineral rights in the Southwest quarter of Section Thirteen (13), Township Six (6). South, Range Nine (9) West, I.M., Jefferson County, Oklahoma, beneath the surface of the property owned by James and Vivian Marble. James and Vivian Marble make no claim to the property of NS JPF Lender, LLC in Clay County, Texas except as to such property with legal descriptions originating in and described as a part of Jefferson County, Oklahoma.

---

[5] *See* 28 U.S.C. § 2409a ("The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.") *See also Kane Cnty., Utah v. United States*, 772 F.3d 1205, 1210–11 (10th Cir. 2014) ("[F]or a court to have jurisdiction over a QTA claim, the plaintiff must establish that: (1) the United States 'claims an interest' in the property at issue; and (2) title to the property is 'disputed.'").
[6] *See* James and Vivian Marble's First Amended Complaint, Cause No. 5:23-cv-00227-JD, U.S. District Court for the Western District of Oklahoma, attached as a part of the State Court File, Exhibit A.
[7] *Id.*



8.  NS JPF Lender, LLC clearly could have originally brought this suit in federal court as evidenced by the ongoing Oklahoma Suit in the Western District of Oklahoma involving this very same dispute and tracts of real property. Because the BLM owns property which is subject of this dispute and James and Vivian Marble have asserted claims against the BLM, there is a federal question and this Court has original jurisdiction.

**B.  Supplemental Jurisdiction**

9.  This Court also has jurisdiction over NS JPF Lender, LLC's state law claims for trespass to try title and suit to quiet title.[8] As noted by the U.S. Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy,

---

[8] 28 U.S.C. § 1367. ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

as long as the action is one in which the district courts would have had original jurisdiction."[9]  It is well-established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims.[10]  This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court.[11]

10.    Here, NS JPF Lender, LLC's state law claims involve a common nucleus of operative facts.  In fact, NS JPF Lender, LLC filed this lawsuit after receiving a pre-suit demand letter from James and Vivian Marble that they sent before filing the Oklahoma Suit.  When NS JPF Lender, LLC declined to provide the relief sought in the pre-suit demand letter, James and Vivian Marble filed the Oklahoma Suit.  NS JPF Lender, LLC filed this suit nine days later.  The competing claims for quiet title and trespass to try title share a common nucleus of operative facts because the claims all relate to the same real property dispute and the same tracts of land.  This Court therefore has supplemental jurisdiction exists over NS JPF Lender, LLC's state law claims under 28 U.S.C. § 1367(a).[12]  Therefore, it is appropriate for Vivian Marble to remove the State Court Action to this Court and for the Court to exercise jurisdiction over all of NS JPF Lender, LLC s claims pursuant to 28 U.S.C. § 1441(c).[13]

### IV.    VENUE

11.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 124(b)(2) because this district and division includes the 97th Judicial District Court

---

[9] *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").
[10] *Jamal v. Travelers Lloyds of Tex. Ins. Co.,* 97 F.Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1977)).
[11] *Id.* at 806.
[12] *See Villareal v. J.P. Morgan Chase Bank, N.A., et. al.*, 720 F.Supp.2d 806, 808, 2010 WL 2653484, at *2 (S.D. Tex. July 6, 2010); 28 U.S.C. § 1367(a).
[13] *See Jamal*, 97 F. Supp. 2d at 806.

of Clay County, Texas, the forum in which the State Court Action is pending.

## II.   ADDITIONAL REQUIREMENTS

12.   Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

|  |  |
|---|---|
| **Exhibit A:** | Listing of All Parties and Counsel of Record; |
| **Exhibit B**: | Index of all Documents Filed in State Court Action; |
| **Exhibit B-1 – B-7**: | Copies of filings in State Court Action; |

13.   This Notice of Removal will be provided to NS JPF Lender, LLC and filed with the District Clerk of Clay County, Texas.

Therefore, Defendant Vivian Marble gives notice that the above-referenced State Court Action now pending in the 97th Judicial District Court of Clay County, Texas has been removed to this Court.

Respectfully submitted,

By: */s/ Emily Stroope*
    **EMILY STROOPE**
    State Bar No. 24070692
    **ALEXIS DEL RIO**
    State Bar No. 24120796
    **BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ**
    **A PROFESSIONAL CORPORATION**
    5956 Sherry Lane, 20th Floor
    Dallas, Texas 75225
    Telephone: (214) 379-5612
    Facsimile: (713) 650-9701
    estroope@bakerdonelson.com
    adelrio@bakerdonelson.com

    **ATTORNEYS FOR DEFENDANTS**
    **JAMES AND VIVIAN MARBLE**

## CERTIFICATE AND NOTICE OF FILING

I certify that May 25, 2023, the Notice of Removal was sent to the District Clerk of Collin County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the Plaintiff.

*/s/ Emily Stroope*
Emily Stroope

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served on all counsel of record via electronic service pursuant to the Federal Rules of Civil Procedure on May 25, 2023.

*/s/ Emily Stroope*
Emily Stroope